1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

2

3                                                    )        2004 NOV -8  P 4: 20

4    RAED SULEIMAN, Individually,                    )        U.S. DISTRICT COURT
                                                     )        DISTRICT OF MASS.
5            Plaintiff,                              )
     v.                                              )   C.A. No. 4 - 1 2 3 7 3 RWZ
6                                                    )
     JOHN ASHCROFT, Attorney General of the          )
7    United States, TOM RIDGE, Secretary of the      )                Alexander
     Department of Homeland Security, EDUARDO MAGISTRATE JUDGE _____  RECEIPT # _____
8    AGUIRRE, Jr., Director of the United States     )        AMOUNT $ 150
     Citizenship and Immigration Services ("CIS")    )        SUMMONS ISSUED _ yes
9    DENIS RIORDAN, District Director – CIS,         )        LOCAL RULE 4.1 _____
     Boston District Office; and ROBERT S. MUELLER,)        WAIVER FORM _____
10   Director, FBI                                   )        MCF ISSUED _____
11           Defendants.                             )        BY DPTY CLK _ X.o.w
                                                     )        DATE 11 9 04

12

## PETITION FOR A HEARING ON NATURALIZATION APPLICATION
13   ## PURSUANT TO I.N.A. SECTION 336(b), 8 U.S.C. §1447(b)

14          NOW COMES Plaintiff Raed Suleiman (hereinafter, "Suleiman") and, pursuant to

15   Section 336(b) of the Immigration and Naturalization Act, 8 U.S.C. §1447(b), hereby requests a

16   hearing for adjudication of Plaintiff's Application for Naturalization in Court and by the Court

17   or, alternatively, that the Court remand Plaintiff's Application for Naturalization to the United

18   States Citizenship and Naturalization Services (hereinafter, "CIS") for immediate adjudication.

19   In support of his Petition, Plaintiff states as follows:

20          1.      Plaintiff has been a legal Permanent Resident of the United States of America

21   since April 10, 1997. (See Exhibit 1, copy of Plaintiff's Permanent Resident Card)

22          2.      Plaintiff's Application for Naturalization (Form N-400) was filed with the CIS,

23   Boston District Office, on or about February 3, 2002.  Plaintiff's Alien Number is A-074-653-

24   540. (See Exhibit 2, copy of Plaintiff's Naturalization Application).

25          3.      Plaintiff's interview for Naturalization was conducted by CIS in Clarksburg, West

     Virginia on March 10, 2003.  CIS could not approve the case that day because part of the

Plaintiff's file was in a different office, but Plaintiff was told that there was no other problem with his application.

4.    Plaintiff has made numerous inquiries to CIS concerning the status of his Naturalization Application, but to no avail. He did confirm that his entire file was in fact in the Pittsburgh CIS office (this is the parent office of the West Virginia CIS sub-office) no later than August 2003. After many more inquiries (See *Exhibit 3, which includes a chain of emails between the Plaintiff and Defendant CIS which confirms that CIS believes all is in order for an approval of the Naturalization Application but the FBI background security check*), no decision has been made on the Naturalization application.

5.    It has been over 14 months since the Plaintiff's file was complete and in one location; it has been more than 19 months since the interview.

6.    Plaintiff is now a Massachusetts resident, who resides at 130 Middlesex Turnpike, Burlington, MA 01803.

7.  INA Section 336(b), 8 U.S.C. §1447(b), specifically provides for judicial review of a stalled naturalization application. The regulation states as follows:

> **If there is a failure to make a determination** under [INA] § 335 [8 U.S.C. §1446] **before the end of the 120-day period** after the date on which the examination is conducted under such section, **the applicant may apply to the United States District Court for the District in which the applicant resides for a hearing on the matter. Such court** has jurisdiction over the matter and **may either determine the matter or remand the matter**, with appropriate instructions to the Service to determine the matter. [emphasis added]

8.  Plaintiff has not signed a waiver of the 120-day decision deadline, which would have given CIS authority to bypass such regulation.

9.  CIS has not requested a re-examination of Plaintiff's Naturalization Application nor has it requested that Plaintiff submit additional evidence in support of his application. Furthermore, even if a re-examination of the applicant had been requested by CIS, it still would

have had to make its decision on the application within 120 days of the ***initial*** examination.  <u>See</u> C.F.R. §335.3(b).

10. On October 14, 2004, Plaintiff notified Defendants John Ashcroft, Attorney General of the United States, and Denis Riordan, Director of CIS's Boston District Office, of his intention to file this Petition with the Court on October 24, 2004 by submitting a draft copy of the Petition to said Defendants along with a cover letter demanding their prompt adjudication of Plaintiff's Application for Naturalization in an attempt to avoid the need for this judicial proceeding.  The only response was from Mr. Riordan, who confirmed that the Plaintiff did in fact file the Form AR-11 to notify CIS of his move to Boston, and that he would get the file from Pittsburgh.  But Mr. Riordan also indicated that he felt this delay was not the fault of CIS.

11. Plaintiff has now waited ten days since hearing from Mr. Riordan without any further response to this matter.  As it is 18 months since the interview and the indication from CIS is that they are not at fault for any delay, the Plaintiff has no alternative but to file this action.

12. Plaintiff has named the Director of the FBI as a co-defendant, because upon information and belief, part of the reason for the delay in an adjudication of the petition is the FBI's failure to timely complete the security background check on the Plaintiff.  Plaintiff avers that whereas the statute requires the petition to be timely adjudicated, failure of the FBI to complete a background check in 14 months should not be reason for further delay.  If the petition is approved and the Plaintiff becomes a U.S. Citizen and then later the FBI and/or CIS determine that he is a criminal or terrorist, they can always move to rescind the citizenship and they will win that case.  But to delay the citizenship any further will be a miscarriage of justice and violation of statute.

WHEREFORE, Plaintiff respectfully prays that this Court:

1)   Adjudicate the Application for Naturalization of Raed Suleiman in court and by the Court, or alternatively, that the Court remands this case to CIS for <u>immediate</u> adjudication of his application;

2)   Order Defendants to pay Plaintiff's costs, filing fees, and legal fees for this action pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412; and

3)   Grant any such other relief at law and in equity as justice may require.

Respectfully submitted,

**RAED SULEIMAN**

By his attorney,

_____

Jeffrey W. Goldman, BBO #548056
TESTA, HURWITZ & THIBEAULT, LLP
125 High Street
Boston, MA 02110
Phone: (617) 310-8217

Dated:  November 8, 2004

## CERTIFICATE OF SERVICE

I, Jeffrey W. Goldman, attorney for the Plaintiff, hereby certify that on this 8th day of November, 2004, I caused a copy of the foregoing *Petition for Hearing on Naturalization Application* to be served on the **Office of the General Counsel, United States Department of Homeland Security, Washington, DC 20258; on the CIS District Director Denis Riordan, JFK Federal Building Room E-170, Boston, MA  02203; and on the FBI Office of the General Counsel, Boston District Office, One Center Plaza, Suite 600, Boston, MA  02108,** all via first-class mail, postage pre-paid.

_____

Jeffrey W. Goldman

DEMAYRLC\9901\1236.3124903_1

-4-