UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 JAN 25  P 12:59

U.S. DISTRICT COURT
DISTRICT OF MASS.

RAED SULEIMAN, Individually,       )
                                   )
         Plaintiff,                )
v.                                 )  C.A. No. 04-12373 RWZ
                                   )
JOHN ASHCROFT, Attorney General of the )
United States, TOM RIDGE, Secretary of the )
Department of Homeland Security, EDUARDO )
AGUIRRE, Jr., Director of the United States )
Citizenship and Immigration Services ("CIS") )
DENIS RIORDAN, District Director – CIS, )
Boston District Office; and ROBERT S. MUELLER, )
Director, FBI                      )
         Defendants.               )
_____)

## PLAINTIFF'S OPPOSITION TO
## RESPONDANT'S MOTIONS TO REMAND AND DISMISS

NOW COMES Plaintiff Raed Suleiman (hereinafter, "Suleiman") and states his opposition to Respondents' Motion to Remand Proceedings to the Department of Homeland Security and Motion to Dismiss Improper Party Respondent. A hearing before this Honorable Court is requested.

As reasons therefore, Plaintiff states:

1.   Neither the Motion to Remand nor the Declaration of Debra E. Zamberry give this court any indication at all as to what the Respondents have done in order to complete the background security check. These pleadings speak in generality as to the obligation to do background security checks, but the Respondents are not telling the Court what is the problem, and why has there been a <u>three-year delay</u> in performing this check. Plaintiff believes that at least for the first two years since he filed his application, the background security check was not even ordered

by the Respondent. And if the Respondent has now ordered the check, then they should know exactly what the 'hit' is that is causing the delay, and the Respondent should tell this court exactly what the Respondent intends to do to clear up this 'hit'. Respondent says that "on occasions" a 'hit' has revealed significant derogatory information about an applicant. Based upon information and belief, the Plaintiff avers that 99% of 'hits' end up being nothing that will deny an applicant citizenship, yet the delay is interminable because no one is taking control of getting the 'hit' resolved.

2. The Respondent's state that the Plaintiff's fingerprint check has expired and that he needs to do a new one, but the Respondent has not sent the Plaintiff an appointment to do another fingerprint check, and so once again the Respondent is causing the delay. The fingerprint check, once done, takes 24 hours to clear, so this is not a reason why this case should be remanded.

3. The only background security check authorized by the Federal Regulations with respect to Citizenship applications is found at 8 C.F.R. Sec. 335.2(b). This regulation states that a FULL criminal background check for Citizenship purposes has been done if there is confirmation from the FBI that the applicant does not have an administrative or a criminal record. The fingerprint check, which has been done for over two years and which they now say has expired, confirmed that there is no administrative nor criminal record. Nowhere in the Federal Regulations does the CIS have the power to conduct a full national security investigation prior to granting U.S. Citizenship to an applicant. The massive and complex national security background security check procedures described in Respondent's Memorandum and the Declaration in Support thereof are *ultra vires*, and this Court should not delay the adjudication of this Citizenship

application one more day due to the delay in this *ultra vires* security check which is not authorized by the Regulations.

4. It should be noted that 8 U.S.C. Sec. 1446(a) and 8 C.F.R. Sec. 335.1, which states the minimum investigation that the CIS must conduct prior to approval of an application for naturalization, includes a mandatory "neighborhood investigation" of the area where the applicant has resided for the past five years. This is so that the CIS can be certain of the moral character of the applicant. But the Plaintiff submits that CIS rarely, if ever, conducts such a "neighborhood investigation" even though the Statute and Regulations require it. Clearly, the Respondents are picking and choosing what they believe to be the best way to check a person's background without any regard for the law.

5. The world is a different place today than it was when IMMACT 90 became law, but despite the new rules, Congress has deemed it wise to NOT take away jurisdiction from this Court to grant Naturalization applications pursuant to 8 U.S.C. Sec. 1447(b). This Court should do so now, and grant the application.

6. The FBI should not be dismissed. They are a key party to resolving this matter.

Respectfully submitted,

**RAED SULEIMAN**

By his attorney,

_____
Jeffrey W. Goldman, BBO #548056
TESTA, HURWITZ & THIBEAULT, LLP
(a partnership in dissolution)
125 High Street
Boston, MA 02110
Phone: (617) 310-8217

Dated: January 25, 2005

## CERTIFICATE OF SERVICE

I, Jeffrey W. Goldman, attorney for the Plaintiff, hereby certify that on this 25th day of January, 2005, I caused a copy of the foregoing Opposition to Respondent's Motion to Remand and Dismiss to be served on the **Office of the General Counsel, United States Department of Homeland Security, Washington, DC 20258; on the CIS District Director Denis Riordan, JFK Federal Building Room E-170, Boston, MA 02203; and on the FBI Office of the General Counsel, Boston District Office, One Center Plaza, Suite 600, Boston, MA 02108,** all via first-class mail, postage pre-paid.

_____
Jeffrey W. Goldman

GOLDMAJW\10673\1.3168796_1